[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 24, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-10034
Non-Argument Calendar

_____

D. C. Docket No. 06-00007-CV-J-33MCR

SYLVESTER LEWIS BROWN,

Plaintiff-Appellant,

versus

R. MACHE, in his individual capacity,
OFFICER HARDEE, in his individual capacity,
STEVE SINGER, in his official capacity,

Defendants-Appellees,

OFFICER J. M. GOLUM, in his individual capacity,

Defendant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 24, 2007)**

Before BARKETT, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Sylvester Brown ("Brown"), a Florida state prisoner proceeding pro se, appeals the district court's grant of the defendants' motion for summary judgment with respect to his action brought under 42 U.S.C. § 1983 ("§ 1983"). Brown essentially alleged that prison officials retaliated against him for filing grievances by changing his work assignment, and that they were deliberately indifferent to his lupus condition.

However, Brown has failed to establish any causal relationship between his grievances and the job reassignment. Although Brown did engage in protected conduct by filing his grievances, Brown provides no facts indicating that the reassignment was retaliatory. His claims are conclusory in that they fail to allege any causal link between his grievances and the defendants' decision regarding his work schedule. Accordingly, his claims are insufficient to overcome the defendants' motion for summary judgment. Moreover, to state a First Amendment claim for retaliation, a prisoner must allege that he was penalized for exercising the right of free speech. Brown has not adequately indicated that any job reassignment could be considered a penalty.

Brown also argues that defendants treated him with deliberate indifference

to a serious medical need in violation of the Eighth Amendment, by reassigning him to a job that exacerbated his lupus condition.  However, here again, Brown has failed to show any evidence rebutting the affidavits presented on summary judgment, which indicate that Brown did not have an objectively serious medical need.[1]

**AFFIRMED.**

_____

[1] Dr. Gonzalez treated Brown and he found no serious medical need.  Dr. Gonzalez stated that Brown had no symptoms of distress and his vital signs were normal.  He further stated that Brown did not show any signs of suffering from a lupus episode.  Dr. Daniel Cherry, III, the Director of Health Services for the Florida Department of Corrections, stated that there was no objective evidence in Brown's medical records that he was suffering from a lupus episode during the relevant time period.

3